IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ARMOD RASHAD JAHMAL BOSWELL, )<br>a.k.a., Armond Boswell, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>OFFICER GREENE, )<br>)<br>Defendant. ) | CIVIL ACTION NO. 2:19-CV-55-WHA |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This 42 U.S.C. § 1983 action is pending before the court on an amended complaint filed by Armod Rashad Jahmal Boswell, an indigent inmate, in which he challenges the defendant's use of a taser against him after his refusal to comply with orders issued to him by the defendant. Doc. 1 at 5. The defendant filed a special report and supplemental special report supported by relevant evidentiary materials, including declarations and jail records, in which he addresses the claim for relief presented by Boswell. In the report and evidentiary materials, the defendant maintains that he did not act in violation of Boswell's constitutional rights in obtaining his compliance with direct orders. Specifically, the defendant avers that he used only the amount of force necessary to gain Boswell's compliance with the orders and to gain control of Boswell. Doc. 12-3 at 3.

In light of the foregoing, the court issued an order directing Boswell to file a response to the defendant's written reports. Doc. 19. The order advised Boswell that his failure to respond to the reports would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." Doc. 19 at 2 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action.

Doc. 19 at 1 (emphasis in original). The time allotted Boswell for filing a response in compliance with the directives of this order expired on July 31, 2019. Boswell has failed to file a requisite response in opposition to the defendant's written reports. The court therefore finds that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After this review, it is clear that dismissal of this case is the proper course of action at this time. The imposition of monetary or other punitive sanctions against Boswell would be ineffectual, as he is indigent. Also, Boswell's inaction in the face of the defendant's reports and evidence suggests a loss of interest in the continued prosecution of this case. Finally, it appears that any additional effort by this court to secure Boswell's compliance would be unavailing and a waste of this court's scarce judicial resources. Consequently, the court concludes that the abandonment of this case by Boswell and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id.*

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

On or before **September 16, 2019,** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 30th day of August, 2019.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge